UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. GREGORY SCHVANEVELOT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. 4:16-CV-00207-EJL<br>　　　　　 4:14-cr-00253-EJL<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court in the above-entitled matter are Petitioner's § 2255 Motion to vacate, set aside, or correct sentence and Motion for Appointment of Counsel. (CV Dkt. 1) (CR Dkt. 51.)[1] The Government has filed a response. (CV 11.) No reply brief has been filed and the time for doing so has passed. (CV Dkt. 10.) The matter is ripe for the Court's consideration.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 25, 2014, an Indictment was filed in this case charged the Petitioner D. Gregory Schvaneveldt with one count of Distribution of Child Pornography and one count of Possession of Child Pornography. (CR Dkt. 1.) On August 12, 2015, Petitioner

---

[1] In this Order, the Court will use (CR Dkt.  ) when citing to the criminal case (4:14-cr-00253-EJL) and (CV Dkt.  ) when citing to the civil case (4:16-cv-00207-EJL).

MEMORANDUM DECISION AND ORDER - 1

entered a waiver of indictment and guilty plea to a Superseding Information charging him with one count of Receipt of Child Pornography. (CR Dkt. 26, 29.) The plea was pursuant to a written Plea Agreement. (CR Dkt. 20.) Thereafter, on October 27, 2015, this Court sentenced the Petitioner to 96 months of incarceration to be followed by seven years of supervised release and restitution in the amount of $10,250. (CR Dkt. 44, 45.) No appeal was filed. On May 17, 2016, Petitioner filed his § 2255 Motion in this case. (CV Dkt. 1) (CR Dkt. 51.) Petitioner has also filed a Motion for Appointment of Counsel. (CV Dkt. 8.) The Court finds as follows.

## ANALYSIS

**1.     Motion for Appointment of Counsel**

Petitioner asks for appointment of counsel pursuant to 18 U.S.C. § 3006A to represent him in this § 2255 Motion. (CV Dkt. 8.) Specifically, Petitioner asks that his previously appointed counsel, Attorney Guy Price, be reappointed.

While there is no constitutional right to habeas counsel, an indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. *See* 18 U.S.C. § 3006(A)(2)(B); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court has discretion to appoint counsel at any stage of a case "if the interests of justice so require." 18 U.S.C. § 3006(A)(2); s*ee also* Rule 8(c) of the Rules Governing § 2255 Proceedings; *United States v. Harrington*, 410 F.3d 598, 599 (9th Cir. 2005). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. *See Brown v. United States*, 623 F.2d

MEMORANDUM DECISION AND ORDER - 2

54, 61 (9th Cir. 1980). "In the absence of such circumstances, a request for counsel in proceedings under section 2255 is addressed to the sound discretion of the trial court." *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962). Further, "[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Having reviewed the record in this case, the Court denies the request for appointment of counsel. This case is not one that is so complex that denial of counsel would amount to a denial of due process. Further, the Petitioner is not likely to succeed on the merits of his claims. The Motion for Appointment of Counsel is denied.

**2.     Section 2255 Motion**

    **A.     Standard of Review**

Section 2255 permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

§ 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (articulating the four grounds upon which § 2255 relief can be claimed).

MEMORANDUM DECISION AND ORDER - 3

### B. Dismissal of the Petition without a Hearing

The § 2255 Motion in this case raises four claims for relief arguing, in general, that the charging statutes and corresponding Sentencing Guidelines are unconstitutional and that his first counsel, Attorney Matthew Kinghorn, was ineffective. (CV Dkt. 1.) The Government asserts the claims are without merit, procedurally barred, frivolous, and that the § 2255 Motion should be dismissed without a hearing. (CV Dkt. 11.)

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255(b)). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2010). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id.* at 1062–63 (citation omitted). That is to say, the court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).

Where it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court

MEMORANDUM DECISION AND ORDER - 4

may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *McMullen*, 98 F.3d at 1159 (citation omitted). Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

Because it is clear the § 2255 Motion in this case fails to state a claim and has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," this Court denies the § 2255 Motion without an evidentiary hearing for the reasons stated herein. *Quan*, 789 F.2d at 715.

C. **Claims that are Waived and/or Procedurally Barred**

Petitioner has raised several claims which have been waived and/or are barred from being raised in his § 2255 Motion. (CV Dkt. 1.)

First, the Petitioner expressly waived his right to appeal and collaterally attack his conviction, entry of judgment, sentence, or entry of sentence in his written Plea Agreement. (CR Dkt. 20 at 14.) The Petitioner retained the right to file one direct appeal only where: 1) the sentence imposed exceeds the statutory maximum, 2) the Court applied an upward departure under Chapter 5K of the Sentencing Guidelines, and 3) the Court's sentence exceeded the Sentencing Guidelines range. (CR Dkt. 20). Additionally, the Plea Agreement allowed for the Petitioner to file one § 2255 Motion raising a claim of ineffective assistance of counsel. Any claims raised in this § 2255 Motion challenging the conviction, entry of judgment, sentence, or entry of sentence, therefore, are waived.

MEMORANDUM DECISION AND ORDER - 5

Second, all but one of Petitioner's claims – in particular those alleging constitutional violations - were not raised on appeal and, therefore, are procedurally barred. The general rule is that a criminal defendant procedurally defaults his § 2255 claims if he could have raised them on direct appeal but failed to do so. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).[2] In order for the Court to consider procedurally defaulted claims the petitioner must show (1) "cause" for not raising the claim sooner and "actual prejudice" resulting from the alleged error; or (2) his "actual innocence." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Ratigan*, 351 F.3d at 960. Petitioner in this case did not file an appeal. The claims alleging constitutional violations are barred as they were not raised in a direct appeal.

Cause requires the petitioner to "show that 'some objective factor external to the defense' impeded his adherence to the procedural rule." *United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). For prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). A district court need not address both the cause and prejudice

---

[2] Ineffective assistance of counsel claims are an exception to the procedural default. *Massaro*, 538 U.S. at 509. Such claims may be brought in a collateral proceeding under Section 2255, "whether or not the petitioner could have raised the claim on direct appeal." *Id.* The Court has considered the merits of the Petitioner's ineffective assistance of counsel claims in this Order.

MEMORANDUM DECISION AND ORDER - 6

prongs if the petitioner fails to satisfy one. *Id.* at 168. "To invoke the actual innocence exception, [petitioner] must show that in light of all the evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup av. Delo*, 513 U.S. 298, 327 (1995)). In this case, the Petitioner has shown neither cause nor prejudice resulting from the alleged constitutional violations. Further, the Petitioner has not shown actual innocence. For these reasons, the Petitioner's claims that the charging statutes and sentencing guidelines are unconstitutional and/or violated his Equal Protection and Due Process rights and that the sentence imposed was "unduly harsh" or excessive were all waived and are procedurally barred.[3] The only viable claim set forth in the Petition is for ineffective assistance of counsel.

In this Order, the Court will discuss the merits of the ineffective assistance of counsel claim that was not waived or otherwise barred. Those claims which Petitioner has waived and/or are barred, are not discussed. *Massaro*, 538 U.S. at 504 ("The procedural-default…is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."); *United States v.*

---

[3] The Court also finds the Petitioner's conclusory and unsupported constitutional claims are without merit. Petitioner has failed to show he is part of a protected class or was treated differently, i.e. discriminated against, from other similarly situated persons in violation of the Equal Protection Clause. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-440 (1985); *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963). The charging statutes and related sentencing guidelines are not unconstitutional and the prosecutor's discretion in choosing which charge to bring does not make them so. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."); *see also United States v. JDT*, 762 F.3d 984, 996 (9th Cir. 2014).

*Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence.").

### D. Ineffective Assistance of Counsel

Petitioner claims his pre-indictment attorney, Matt Kinghorn of the Federal Defender Services of Idaho ("Federal Defenders"), was ineffective by failing to timely communicate that he had received a plea offer from the United States Attorney to a lesser charge of possession of child pornography before the indictment in the criminal case had been filed. (CV Dkt. 1.) As a result, Petitioner argues, that plea offer expired, the Indictment was filed in the criminal case, and Petitioner eventually had to plea to the more serious crime of receipt of child pornography. The Government asserts the Petitioner has failed to show any deficiency or prejudice by Attorney Kinghorn in this matter and has filed an Affidavit from Attorney Kinghorn in support of its position. (CV Dkt. 11.)[4]

The Sixth Amendment guarantees "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that 1) counsel's actions were "outside the wide range of professionally competent assistance," and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*

---

[4] The Court granted the Government's Motion Waiving the Attorney Client Privilege. (CV Dkt. 4, 6.)

MEMORANDUM DECISION AND ORDER - 8

*v. Washington*, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). In this case, the Petitioner fails to state a claim for ineffective assistance by failing to allege facts sufficient to meet either the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim. Stated differently, "[t]o be entitled to habeas relief due to the ineffectiveness of defense counsel, petitioner must establish both that counsel's performance was deficient and that the deficiencies prejudiced the defense." *Medina v. Barnes*, 71 F.3d 636, 368 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 687, 689).

Under the first prong, establishing "deficient performance" requires the movant to show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011). The Court evaluates "counsel's performance from [their] perspective at the time of that performance, considered in light of all the circumstances, and we indulge a strong presumption that counsel's conduct fell within the 'wide range of reasonable professional assistance.'" *Medina*, 71 F.3d at 368 (quoting *Strickland*, 466 U.S. at 689). A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance of counsel claim. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990); *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984).

MEMORANDUM DECISION AND ORDER - 9

Strickland's second prong requires the Petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693). "[A]n attorney's inadequate representation does not rise to the level of a constitutional violation unless the deficiency so infected the adversarial process as to raise doubts about the reliability of the proceeding's outcome." *Howard v. Clark*, 608 F.3d 563, 568 (9th Cir. 2010) (citing *Strickland*, 466 U.S. at 687). Again, a "mere conclusory statement" showing neither cause nor actual prejudice is insufficient for relief under § 2255. *See Mejia-Mesa*, 153 F.3d at 929 (citation omitted). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the movant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Nor does the court need to address both prongs of the *Strickland* test if the petitioner's showing is insufficient as to one prong. *Id.*

In this case, the Petitioner's claim that Attorney Kinghorn was ineffective by failing to contact him regarding the pre-indictment plea offer soundly rebuffed and disclaimed by the record and Attorney Kinghorn's Affidavit. (CV Dkt. 11, Ex. 2.)

The Government sent a letter to the Petitioner on October 4, 2013 notifying him that criminal charges would likely be brought against him and inviting the Petitioner to discuss a possible pre-indictment settlement. (CV Dkt. 11, Ex. 1.) The letter suggested to

MEMORANDUM DECISION AND ORDER - 10

the Petitioner that he obtain a lawyer and that he contact the Federal Defenders if he is unable to afford to retain counsel. The letter gave the Petitioner until November 4, 2013 for either he or his attorney to contact the Government.

Attorney Kinghorn's Affidavit states that the Petitioner contacted the Federal Defenders office via fax on October 22, 2013 to arrange a meeting. (CV Dkt. 11, Ex. 2.) Petitioner and Attorney Kinghorn met on October 24, 2013 and, on the same day, Attorney Kinghorn notified the Government that he had been contacted to represent the Petitioner and requested a copy of discovery. Attorney Kinghorn also informed the Government that the Petitioner was willing to entertain pre-indictment offers of settlement. The Government provide the discovery to Attorney Kinghorn who avers that he in turn provided it to the Petitioner on October 30, 2013.

After receiving the discovery, Attorney Kinghorn discussed possible settlement of the case with counsel for the Government. Attorney Kinghorn attempted to contact the Petitioner regarding the settlement negotiations in April and June of 2014 by letter and telephone asking the Petitioner to contact him to discuss the case. Attorney Kinghorn represents that the Petitioner did not respond or otherwise contact him or his office.

On August 4, 2014, the Government sent Attorney Kinghorn a conditional pre-indictment plea offer with a deadline for the Petitioner to accept of 5:00 p.m. on November 7, 2014. The plea offer proposed that the Petitioner would plead guilty to one count of possession of sexually explicit images of minors. (CV Dkt. 11, Ex. 2 at ¶ 11.) Attorney Kinghorn represents that he attempted to contact the Petitioner regarding the pre-indictment plea offer several times by telephone and through the mail. (CV Dkt. 11,

MEMORANDUM DECISION AND ORDER - 11

Ex. 2.) Specifically, on August 5, 2014, Attorney Kinghorn sent Petitioner a letter informing him of the proposed plea offer and the need to discuss the same soon along with various options for doing so. Attorney Kinghorn sent Petitioner another letter on October 1, 2014 and October 21, 2014 and also placed a telephone call to the Petitioner on October 21, 2014. Attorney Kinghorn states he received no response from the Petitioner to any of his requests for contact. As a result, Attorney Kinghorn advised the Government on November 5, 2014 that he had no response from the Petitioner regarding the proposed plea offer. Thereafter, on November 25, 2014, the Government filed the Indictment. (CR Dkt. 1.) The Court later granted Attorney Kinghorn's Motion to Withdraw as counsel and appointed new CJA counsel to represent the Petitioner. (CR Dkt. 18, 19.)

Based on this record, the Court finds Attorney Kinghorn's pre-indictment representation of the Petitioner was within the range of competence demanded of attorneys in criminal cases. *See Hill*, 474 U.S. at 56. Attorney Kinghorn repeatedly and timely attempted to communicate with the Petitioner regarding the pre-indictment negotiations and gave the Petitioner various options for responding. This level of representation is consistent with what is expected of competent attorneys in criminal cases, particularly in cases of this nature. Petitioner's unsupported and conclusory allegations that Attorney Kinghorn failed to timely communicate the plea offer to him are insufficient to rebut the record, Attorney Kinghorn's Affidavit, or the strong presumption that counsel's conduct fell within the 'wide range of reasonable professional assistance.'" *Medina*, 71 F.3d at 368 (quoting *Strickland*, 466 U.S. at 689). Again, a "mere conclusory

MEMORANDUM DECISION AND ORDER - 12

statement" is insufficient for relief under § 2255. *See Mejia-Mesa*, 153 F.3d at 929 (citation omitted). For these reasons, the Court denies Petitioner's Motion as to his ineffective assistance of counsel claim against Attorney Kinghorn.

**3.      Certificate of Appealability**

A Petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a Petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the Court declines to issue a certificate of appealability.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)      Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1) (CR Dkt. 51) is **DENIED**.

MEMORANDUM DECISION AND ORDER - 13

2)   Petitioner's Motion for Appointment of Standby Counsel (CV Dkt. 8) is **DENIED**.

3)   Certificate of Appealability is **DENIED**.

DATED: November 10, 2016

_____
Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 14